IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUY LE,<br><br>        Petitioner,<br><br> v.<br><br>V. M. ALMAGER, Warden,<br><br>        Respondent.<br>_____/ | No. C 08-03293 SBA (PR)<br><br>**ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY** |

      Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, an application to proceed in forma pauperis (IFP), and a motion for appointment of counsel. The Court granted Petitioner's IFP application and denied his motion for appointment of counsel.

      Before the Court is Petitioner's motion to stay his federal petition while he exhausts his remedies in state court.

## DISCUSSION

      Petitioner raises the following claims: (1) admission of the 2003 incident to show gang rivalry was irrelevant; (2) admission of the March, 1999 and January, 2001 shootings as prior bad acts evidence was more prejudicial than probative; (3) the limiting instruction as to the prior bad acts evidence was improper; (4) ineffective assistance of trial counsel for failing to investigate an alibi witness; (5) cumulative error; (6) ineffective assistance of trial counsel for excluding two key witnesses; and (7) ineffective assistance of trial counsel for refusing to question detective about evidence tampering. Petitioner claims he has exhausted his state remedies with respect to claims one through five, but he has failed to exhaust his state remedies with respect to claims six and seven. Therefore, the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982), or in the alternative, Petitioner may elect to delete the unexhausted claim and proceed on the

1 remaining claims.  In his motion for a stay, Petitioner requests that he be permitted to return to state
2 court to exhaust the unexhausted claims.

3       Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact
4 or length of their confinement are first required to exhaust state judicial remedies by presenting the
5 highest state court available with a fair opportunity to rule on the merits of each and every claim
6 they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16.  If
7 available state remedies have not been exhausted as to all claims, the district court must dismiss the
8 petition.  Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  A dismissal solely for
9 failure to exhaust is not a bar to returning to federal court after exhausting available state remedies.
10 See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

11       District courts have the authority to issue stays and the Antiterrorism and Effective Death
12 Penalty Act of 1996 (AEDPA) does not deprive them of that authority.  Rhines v. Webber, 544 U.S.
13 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is circumscribed by
14 AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging
15 petitioners to seek relief in the state courts before filing their claims in federal court.  Id.  Because
16 the use of a stay and abeyance procedure has the potential to undermine these dual purposes of
17 AEDPA, its use is only appropriate where the district court has first determined that there was good
18 cause for the petitioner's failure to exhaust the claims in state court and that the claims are
19 potentially meritorious.  Id.  Moreover, where granting a stay, the district court must effectuate the
20 timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and
21 back."  Id. at 278.  Prisoners who may run the risk of having the federal statute of limitations expire
22 while they are exhausting their state remedies may avoid this predicament "by filing a 'protective'
23 petition in federal court and asking the federal court to stay and abey the federal habeas proceedings
24 until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines,
25 544 U.S. at 277-78).

26       Here, it appears that good cause exists for Petitioner's failure to exhaust his claims on direct
27 appeal because his claims could be raised by way of state habeas corpus.  Moreover, the claims state
28

2

1 cognizable bases for federal habeas relief.  This is Petitioner's first habeas petition, and there is no
2 evidence that he seeks the stay for improper purposes.  See Fetterly v. Paskett, 997 F.2d 1295, 1301-
3 02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted
4 claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254;
5 there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that
6 the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ).
7 Additionally, the Court notes that Respondent has yet to file an answer on the merits to the petition.
8 Accordingly, Petitioner's motion to stay the instant petition is GRANTED.

## CONCLUSION

For the foregoing reasons, these proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies.  Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted.  He must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated.  He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

Petitioner's application to proceed in forma pauperis is GRANTED.

This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED: 11/13/08

/s/ Saundra B Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.08\Le3293.STAYmixed.wpd   3

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

6  DUY LE,  Case Number: CV08-03293 SBA
7        Plaintiff,  **CERTIFICATE OF SERVICE**
8  v.
9  V M ALMAGER et al,
10       Defendant.
                                              /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Duy Le T-75196
Centinela State Prison
P.O. Box 921
Imperial, CA 92251

Dated: November 14, 2008
                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Le3293.STAYmixed.wpd  4